In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 23-2478

KEVIN JOHNSON,

*Plaintiff-Appellant,*

*v.*

MARTIN PURDUE, *et al.,*

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 1:21-cv-00201-JMS-MG — **Jane Magnus-Stinson**,
*Judge.*

_____

ARGUED SEPTEMBER 12, 2024 — DECIDED JANUARY 21, 2025

_____

Before HAMILTON, SCUDDER, and LEE, *Circuit Judges*.

SCUDDER, *Circuit Judge*. Kevin Johnson alleges that he received deficient medical care while serving his state sentence in an Indiana prison. He turned to federal court for relief, proceeding pro se and alleging a violation of his Eighth Amendment rights. The litigation came during the COVID-19 pandemic which, as with so many other aspects of life, created substantial challenges for the parties and the district court.

Adding to the complexity was the fact that Johnson moved prisons on several occasions, spending time in facilities in Indiana, Ohio, and Virginia. Relevant here is Johnson's contention that difficulties receiving mail plagued his lawsuit and left him in the position of never receiving the defendants' summary judgment filings.

After Johnson failed to respond to the defendants' motions, the district court entered summary judgment for the defendants. Johnson now appeals, claiming he never received the motions in the prison mail. We assume he is right on that point. But Johnson's claim fails because, under the unusual circumstances shown here, he had sufficient constructive notice of the summary judgment motions and has never challenged the merits of the district court's decision. So, while this case is plenty messy, in the end we affirm.

**I**

The underlying events occurred at Pendleton Correctional Facility in central Indiana. Johnson's lawsuit challenges the dental and mental health care he received in 2019 and 2020. He filed his initial complaint in January 2021, invoking 42 U.S.C. § 1983 and naming as defendants medical personnel, prison officials, and Wexford of Indiana, the prison's contracted medical provider.

Following discovery, the defendants moved for summary judgment in April and June 2022. After several months passed, Johnson filed a "notice" on October 24, 2022 informing the district court that he had called the clerk of court and learned that he had not received the defendants' motions because of interruptions with the prison mail service during the COVID-19 pandemic. He updated the district court with his

new mailing address on October 17, 2022 because he had moved facilities yet again.

Johnson's filings got the district court's attention. Indeed, the district court astutely realized there was a potential mailing issue: Johnson may not have received all the filings in this case due to the address changes accompanying his many transfers to different prisons. Our review of the record shows that, during the two-and-a-half-year period of litigation, Johnson filed at least five notices of change of address, with four filings returned as undeliverable. Put most simply, the district court lacked confidence that Johnson had received the defendants' original summary judgment motions.

To rectify the issue, the district court denied those motions without prejudice on January 19, 2023. From there the court provided the defendants 14 days to refile for summary judgment and to serve Johnson at the most recent mailing address he supplied in his filing with the district court. Attempting to avoid a repeat of the same mailing problems, the district judge also directed the defendants to inform the court if they received notification that their motions went undelivered to Johnson. The court's order gave Johnson 28 days from receipt of any new filings to respond and explained that "if Mr. Johnson wishes to request that the Court take some action in this case, he is encouraged to file a Motion rather than a Notice." Johnson acknowledged in his subsequent motion to vacate that he received the court's order with these instructions and the timeline for the new summary judgment motions.

As the district court expected, the defendants wasted no time refiling their summary judgment motions. For his part, though, Johnson never responded within the 28-day opposition deadline. Perhaps worried that mail troubles had

resurfaced, the district court refrained from ruling for five months. At that point, in June 2023, the district court lifted the bookmark, granted the defendants' motions for summary judgment, and dismissed the case.

A few weeks later, on July 17, 2023, Johnson filed a "motion to vacate order and judgment," explaining that he did not respond because he never received the defendants' new summary judgment motions. Invoking his right to notice under the Fifth Amendment's Due Process Clause, he asked the district court to vacate the judgment as void. The district court denied the motion, which it construed as one brought pursuant to Federal Rule of Civil Procedure 59(e), emphasizing that its January 2023 order provided Johnson with clear notice that the defendants had authority to file new summary judgment motions "and that he should file a motion if he needed the Court to take a requested action."

Johnson now appeals, represented by very able counsel.

## II

With the case now before us, we consider Johnson's challenge to two of the district court's rulings—the entry of summary judgment for the defendants and the denial of his motion to vacate.

But we immediately confront a limitation on our jurisdiction, as Johnson only appealed the district court's adverse summary judgment ruling. He failed to file an amended or new notice of appeal, as required by Federal Rule of Appellate Procedure 4(a)(4)(B)(ii), to challenge the district court's denial of his post-judgment motion. See *White v. United States Dep't of Just.*, 16 F.4th 539, 543 (7th Cir. 2021) (concluding that we cannot review district court decisions disposing of post-

judgment motions based on a notice of appeal filed from the original judgment because, in such a circumstance, Rule 4(a)(4)(B)(ii) requires a second or amended notice of appeal). What all of this means is that Johnson's challenge to the district court's construction of his post-judgment motion as one brought pursuant to Federal Rule of Civil Procedure 59(e), rather than Rule 60(b)(4), is not before us.

The procedural complexity only compounds from there. Even though he has (timely and properly) appealed the district court's summary judgment ruling, Johnson does not dedicate even one sentence of his brief to the merits of that ruling (and his underlying claim alleging deficient medical care). Instead, Johnson devotes his entire brief to the merits of the district court's ruling on his post-judgment motion—yet, as we have emphasized, he never properly appealed that ruling. So we have a procedural mess before us.

In no way do we mean to criticize Johnson. He has no legal training and proceeded pro se in the district court, undoubtedly doing the best he could. But the procedural shortcomings add substantial complexity to sorting out the permissible scope of our review on appeal.

In the final analysis, the only challenge before us is to the district court's entry of summary judgment for the defendants. We see no error—no substantive error because Johnson presses no substantive challenge, and no procedural error because the district court took care to ensure Johnson had constructive notice of the new round of summary judgment motions before entering judgment for the defendants.

Our reasoning requires two layers of unpacking.

A

First, we are confident that Johnson's notice of appeal from the district court's summary judgment order provides us with authority to resolve whether he received adequate notice of the summary judgment filings. When a party timely appeals a district court's grant of summary judgment, we see no barrier to the party contesting the procedural fairness of that ruling on appeal based on a complete lack of notice. See *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (describing notice as "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality"). That is Johnson's essential contention here, inviting us to void the district court's entry of summary judgment because he had no notice of the proceedings. *Cf. Relational, LLC v. Hodges*, 627 F.3d 668, 671 (7th Cir. 2010) (explaining that "a judgment is void as to any party who was not adequately served" and therefore lacked proper notice of the proceedings).

To be sure, all this complexity would evaporate had Johnson appealed the district court's denial of his post-judgment motion, where he raised the same procedural challenge to the judgment's validity. But this fact does not deprive us of our authority to consider the fundamental fairness of the district court's summary judgment ruling given Johnson's timely appeal of that ruling. Implicit in the district court's entry of summary judgment for the defendants was its reasonable belief that the notice issues had been resolved. Given Johnson's timely appeal of the ultimate summary judgment ruling, we have jurisdiction to review his challenge to the fundamental validity of the district court's judgment.

B

Second, we agree with the district court's implicit determination that Johnson had constructive notice of the defendants' new summary judgment motions.

At the risk of belaboring the obvious, our adversarial system of justice rests on the important assumption that parties receive copies of their opponents' submissions to the court and a fair opportunity to respond. Indeed, the Federal Rules of Civil Procedure, particularly Rules 4 and 5, are designed to establish that basic foundation for fair civil litigation. So we are sympathetic to Johnson's claim that he never received the defendants' motions for summary judgment. He swore to this effect in his motion to vacate, and the defendants have submitted no evidence to the contrary.

But our inquiry cannot end there because the law also permits constructive notice. *See Krecioch v. United States*, 221 F.3d 976, 980 (7th Cir. 2000) ("The operative question is whether notice was adequate at the time that the notice was sent[.] … However, due process does not require actual notice, so long as the government 'acted reasonably in selecting means likely to inform the persons affected.'") (citations omitted). On the record before us we are persuaded that Johnson had constructive notice of the pending motions, so the district court's order granting summary judgment in favor of the defendants did not violate his right to due process.

Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314. Proof of actual notice is not required because due process does not demand that

a party use "the best possible method of notification." *Kreci-och*, 221 F.3d at 981 (quoting *Towers v. City of Chicago*, 173 F.3d 619, 628 (7th Cir. 1999)).

By his own admission, Johnson received the district court's January 2023 order resetting the summary judgment briefing schedule. We conclude that the district court's order left Johnson with notice "reasonably calculated" to apprise him of the risk of renewed summary judgment motions being filed within the next 14 days and, by extension, a judgment being entered against him.

The district court's January 2023 order reflects a meaningful effort to protect Johnson's due process rights, affording him multiple opportunities to respond or notify the court of a mailing issue. First, the district court dismissed the original summary judgment motions without prejudice, providing the defendants with a firm timeline—14 days—to file anew and serve Johnson at his new address. It also instructed them to notify the court of any issues with the mail. Second, the district court waited for Johnson's response. Five months passed with no activity—no response from Johnson and no further filings indicating any issue with the prison mail service. Only then did the district court enter its order granting summary judgment.

Critically, Johnson acknowledges that he received the district court's January 2023 order resetting the summary judgment briefing schedule. We have previously found that court orders directing a party to respond to a pending motion suffice to put the party on notice. See *Trask v. Rodriguez*, 854 F.3d 941, 944 (7th Cir. 2017) (holding that a pro se plaintiff had adequate notice of a pending summary judgment motion, despite claiming she never received it, because the court entered

an order directing her to respond to the motion and she acknowledged receiving that order).

Even assuming that Johnson did not receive actual notice of the pending motions, the same result is appropriate here. Johnson received the district court's January 2023 order denying defendants' motions without prejudice and inviting them to refile. In these circumstances, Johnson should have known that summary judgment motions would likely be filed within the next 14 days. At the very least, given the history of notice difficulties in the case, it was not unreasonable to expect Johnson to make some effort on his end to monitor or inquire about the status of his case well before the district court ruled several months later. Yet at no point between the district court's January 2023 order and its ultimate summary judgment ruling on June 22, 2023 did Johnson file anything saying his mail problems persisted or that he was in the dark about anything with the litigation.

The prior history of undelivered mail does not cast doubt on our conclusion. The record shows that the defendants sent the motions to Johnson's updated mailing address, where he received the district court's January 2023 order and summary judgment order, and which has no documented history of mailing issues. All of this is enough to show that Johnson had constructive notice.

At oral argument defense counsel suggested that Johnson shouldered the burden to prove he did not receive these filings, stating at one point that he could have requested prison mail records. In our view, that is a bridge too far in these circumstances. The burden does not rest with an incarcerated pro se litigant to prove a negative. In any event, the problem fatal to Johnson's appeal is not that he failed to prove he did

not receive the new round of summary judgment motions. It is instead a combination of factors: that he failed to take any action in this case despite being put on notice that the defendants' motions would shortly be refiled, that the district court instructed defendants to notify the court of any issues with service, and that, from a broader perspective, Johnson has offered no argument that the district court's decision was wrong on the merits of the summary judgment motions.

For these reasons, we AFFIRM the judgment of the district court.